# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE M. JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00452-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING A DEFENDANT AND CERTAIN CLAIMS<br><br>(Doc. 17) |

　　　　The assigned magistrate judge reviewed the allegations of the complaint and issued the First Screening Order on March 13, 2023. The magistrate judge found Plaintiff states the following cognizable claims: (1) Eighth Amendment deliberate indifference against Pfeiffer and Del-Plair; (2) use of excessive force against Castro, Rojo, Swanson, and Morales; (3) failure to protect against Pritchard; (4) medical indifference by Muhammad; (5) Bane Act violations by Pitchford, Swanson, Rojo, and Morales; and (6) intentional infliction of emotional distress against Castro, Swanson, Rojo and Morales. However, the magistrate judge found the facts alleged were insufficient to state claims for First Amendment retaliation against Castro, Rojo, Swanson, and Morales; and for intentional infliction of emotional distress against Defendants Pfeiffer and Del-Plair. In addition, Plaintiff failed to state any claim against defendant Beach. (*See generally* Doc. 15.)

　　　　Plaintiff then filed a document entitled "Notice to Court." (Doc. 16.) Plaintiff indicated

that he "wishe[d] to forego the option to file an amended complaint" and instead wished to "[p]roceed on the cognizable claims against defendants Pfeiffer, Del-Plair, Castro, Rojo, Swanson, Morales, Pritchard, Beach, and Muhammad."[1]  (*Id.*)  Because Plaintiff elected to proceed on the claims found cognizable, the magistrate judge issued Findings and Recommendations, recommending the dismissal of defendant Beach and the claims previously determined to be non-cognizable.  (Doc. 17.)

The Court served the Findings and Recommendations on Plaintiff and notified him that objections, if any, were due within fourteen days.  (Doc. 17 at 2.)  The Court also informed Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  To date, no objections have been filed and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case.  Having carefully reviewed the entire action, the Court concludes the Findings and Recommendations to be supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The findings and recommendations are **ADOPTED** in full.
2. This action **SHALL** proceed on Plaintiff's claims for: (1) Eighth Amendment deliberate indifference against Pfeiffer and Del-Plair; (2) use of excessive force against Castro, Rojo, Swanson, and Morales; (3) failure to protect against Pritchard; (4) medical indifference by Muhammad; (5) Bane Act violations against Pitchford, Swanson, Rojo, and Morales; and (6) intentional infliction of emotional distress against Castro, Swanson, Rojo and Morales.
3. The remaining claims in Plaintiff's complaint are **DISMISSED**.
4. Defendant Beach is **DISMISSED** as a defendant.
5. The Clerk of Court is directed to update the docket, terminating Beach as a defendant in this action.

---

[1] Given Plaintiff's unequivocal election not to amend the complaint, the inclusion of Beach in the list of remaining defendants appears to be a scrivener's error.

2

6. This matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 4, 2023**

_____
UNITED STATES DISTRICT JUDGE