UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE M. JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00452 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO 28 U.S.C. SECTION 1915(e)(2)(A)<br><br>(Doc. 37) |

　　　　Duwayne M. Jackson seeks to hold defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The assigned magistrate judge recommended Defendants' Motion to Dismiss Under 28 U.S.C. § 1915(e)(2)(A) be granted and that this action be dismissed with prejudice because Plaintiff withheld material information when completing his in *forma pauperis* application and did so in bad faith. (Doc. 37.) Plaintiff filed timely objections. (Doc. 40.)

　　　　According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Among other things, the magistrate judge correctly found that after receiving $3,000 in settlement proceeds on September 3, 2020, Plaintiff's inmate trust account showed a balance of $2,244.19

following disbursement of funds owed for outstanding fees or fines. (Doc. 37 at 8.) Plaintiff failed to disclose this or an earlier settlement as a source of funds. (*Id.*) He then used at least some of the remaining funds for various personal purposes, including for the purchase of commissary items and to make $650 in payments to his sister June Benskin and another individual. (*Id.* at 9.) In addition, Plaintiff received $655 in undisclosed deposits to his inmate trust fund account, which he also failed to disclose in his IFP application. (*Id.* at 11.) Based on this record, the magistrate judge reasonably concluded that Plaintiff made untrue allegations of poverty, failed to disclose his prison employment, and acted in bad faith by voluntarily diverting otherwise available funds to avoid a financial obligation to the Court. Plaintiff's objections are unpersuasive.

Even accepting as true Plaintiff's assertion that the "lions share" of his settlement proceeds went to paying "previous filing fees to the Courts and other debts," and that his spending patterns during the relevant timeframe are in line with his past spending patterns, this does not justify his dishonesty related to his sources of income. (Doc. 40 at 4.) The Court is not moved by Plaintiff's explanation that his "[f]ailure to mention those funds in his [IFP application was] not done in bad faith, but simply to avoid having to explain to the Court that the funds were never available to him to pay filing fees." (*Id.* at 3.) Disclosure is required so that the Court and the other parties can properly assess whether permitting a party to proceed IFP is appropriate. Finally, the fact that the entire filing fee for this case may have already been paid through periodic, automatic deductions from Plaintiff's trust fund account (*see* Doc. 40 at 5) is not dispositive. Plaintiff's bad faith withholding of information, coupled with his diversion of available funds, justifies dismissal under the relevant authorities. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 9, 2024 (Doc. 37) are **ADOPTED** in full.
2. Defendants' Motion to Dismiss Under 28 U.S.C. § 1915(e)(2)(A) (Doc. 28) is **GRANTED**.

///

///

3. This action is **DISMISSED** with prejudice and the Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **May 2, 2024**

_____
UNITED STATES DISTRICT JUDGE

3